Kaveh S. Elihu, Esq. (SBN 268249)
Saima Ali Gipson, Esq. (SBN 324752)
EMPLOYEE JUSTICE LEGAL GROUP, PC
1001 Wilshire Boulevard
Los Angeles, California 90017
Telephone: (213) 382-2222
Facsimile: (213) 382-2230
Email:        kelihu@ejlglaw.com
              sali@ejlglaw.com

Attorneys for Plaintiff,
Candice Kassab

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDICE KASSAB, an individual; <br><br><br> Plaintiff, <br><br> vs. <br><br> CAREERSTAFF UNLIMITED, LLC, a Delaware Limited Liability Company; SHIFTMED, LLC, a Delaware Limited Liability Company; and Does 1 through 10; <br> Defendants. | Case No.: **'24CV1495 CAB BLM** <br><br> **CLASS ACTION** <br><br> CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR AND STANDARDS ACT, THE CALIFORNIA LABOR CODE, THE PRIVATE ATTORNEY GENERAL ACT OF 2004, AND THE CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *et seq.* |

-1-

CLASS AND REPRESENTATIVE ACTION COMPLAINT

Plaintiff Candice Kassab (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated individuals, complains and alleges as follows:

## INTRODUCTION

1.      This is a class action against CareerStaff Unlimited, LLC and ShiftMed, LLC (collectively, "Defendants") for willfully violating labor laws under federal and California state law by failing to pay their employees since 2020 to the present ("putative class member") for all hours worked, including on-call time, and for violating the California Labor Code and Private Attorneys' General Act of 2004 ("PAGA") by failing to reimburse putative class members that were remote workers for necessary business expenses they incurred while performing their work duties, failing to pay all wages owed upon separation from employment and by failing to provide accurate itemized wage statements.

2.      This action is brought under the Fair Labor Standards Act, §§ 251-262 (collectively, the "FLSA") to redress Defendants' long standing abuse of the federal minimum wage and overtime standards. Defendants' violation of the FLSA is clear – they do not pay their employees wages for all hours worked.

3.      Defendants also violated the California Business & Professions Code § 17200, *et seq.*, the California Labor Code §§ 200-2699.5, the California Wage Order No. 10-2001, and California's Private Attorney General Act of 2004 (PAGA) by failing to pay their employees for all hours worked, failing to pay their employees proper overtime compensation, failing to provide accurate wage statements, failing to pay former employees waiting time pay, and failing to reimburse employees for necessary business expenses incurred while performing their expected work duties.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. §216(b).

5.    This Court also has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367, as those claims are derived from a common nucleus of operative facts.

6.    This Court has personal jurisdiction over Defendants because Defendants do business in California and in this District, and because all of the acts complained of and giving rise to the claims alleged herein occurred in California and in this District.

7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## PARTIES

8.    Plaintiff was a resident of San Diego County, State of California while she was employed by Defendants.

9.    Plaintiff was employed as an Accounts Manager by Defendants from approximately November 2020 to November 2023. Plaintiff's position was completely remote since the inception of her employment for Defendants.

10.    Defendant CareerStaff Unlimited, LLC is a Delaware limited liability company doing business in California. Defendant CareerStaff is a nationwide healthcare staffing company and a leading managed services provider in the healthcare industry. Defendant CareerStaff has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

11.    Defendant ShiftMed, LLC is a Delaware limited liability company doing business in California. Defendant ShiftMed acquired CareerStaff in approximately April 2024, and now provides one workforce platform for the healthcare industry, providing staffing to not only healthcare providers, but also to in-home settings.  Defendant ShiftMed has been an "enterprise engaged in commerce" as defined by the FLSA, and has employed two or more employees.

12.    Plaintiff is informed and believes based thereupon alleges, that at all times relevant hereto, Defendants, each of them, were agents, employees, managing agents,

supervisors, coconspirators, parent corporation, joint employers, alter ego, and/or joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

13.   Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly, and severally.

14.   Plaintiff is informed and believes and based thereupon alleges, that there exists such a unity of interest and ownership that the individuality and separateness of Defendants have ceased to exist.

15.   Plaintiff is informed and believes, and thereupon alleges, that despite the formation of purported corporate existence, Defendants are, in reality, one and the same, including but not limited to because:

   a.   Defendants are completely dominated and controlled by the same executive board that sets the policies and procedures that violate the laws set forth in this complaint, and who have hidden and currently hide behind purported corporate entities to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

   b.   Each Defendant derives actual and significant monetary benefits by and through each Defendant's unlawful conduct.

   c.   Plaintiff is informed and believes and thereupon alleges that the business affairs of Defendants at all times relevant were so mixed and intermingled that the same cannot reasonably be segregated and the same are inextricably intertwined.

## FACTUAL ALLEGATIONS

16.   Plaintiff was employed as Account Manager for Defendants from approximately November 2020 until November 2023.  Plaintiff has been an hourly

worker since 2023, as she and other workers were re-classified from salaried employees to hourly employees.

17.     Plaintiff was hired as a remote worker. She was a remote worker throughout her employment for Defendants as Defendants' operations became primarily remote in 2020.

18.     Plaintiff's job duties included speaking to clients and assisting clients with finding staff for nursing positions.

19.     In order to perform her daily tasks, Plaintiff and other remote workers of Defendants needed a cell phone with service, as well as WiFi Internet and a laptop or computer so they could communicate with clients, nurses, and have access to Defendants' system.

20.     Defendants are aware that remote workers require the use of a cell phone, cell phone data plan, WiFi Internet, and a laptop or computer in order to perform their work duties. Defendants did provide laptops to Plaintiff and other remote workers.

21.     However, Plaintiff and other remote workers were required to purchase their own cell phone, cell phone service and WiFi Internet. They have never been reimbursed for these necessary costs by Defendants.

22.     As a result of Defendants uniformly failing to reimburse Plaintiff and the putative class members for such necessary business expenses, Defendants are in violation of California Labor Code § 2802.

23.     Further, Plaintiff and other remote workers were required to be "on-call" or available on the weekend during their employment for Defendants. Being "on-call" required Plaintiff and other remote workers to stay at home so they could immediately assign a nurse to a client looking for immediate and urgent staffing. Per Defendants' policies and practices, Plaintiff and other remote workers were required to respond immediately when a client would contact them during their on-call shifts. Plaintiff and remote workers were only compensated for time they spent responding to client calls.

24.    Defendants are violating both federal and state law by failing to compensate Plaintiff and putative class members for time spent on-call.

25.    The Fair Labor and Standards Act ("FLSA") requires covered employers to pay nonexempt employees for all hours worked, including work performed in their home or otherwise away from the employer's premises or job site.  See 29 C.F.R. § 785.11-.12. Further, certain "on-call" time is compensable as "hours worked" under both federal and state law. Under the FLSA, "[a]n employee is on duty, and time spent on standby duty is hours of work if, for work-related reasons, the employee is restricted by official order to a designated post of duty and is assigned to be in a state of readiness to perform work with limitations on the employee's activities so substantial that the employee cannot use the time effectively for his or her own purposes." C.F.R. § 551.431(a)(1).

26.    Additionally, the California Labor Code §§ 201, 204, 1182.12, 1194, 1194.2 further requires employers to pay their employees for all hours worked during a pay period. An "hour worked" is any time when you are subjected to the control of the employer, including time that an employee suffered or was permitted to work. Because Defendants restricted Plaintiff and other putative class members' movement, requiring them to remain at home and ready to respond to client calls at any moment, and failed to compensate for the entire time spent on-call, whether actively working or not, Defendants have failed to pay Plaintiff and other putative class members at least the minimum wage for all hours of work they performed.

27.    Further, due to Defendants unlawful policy and practice of not compensating all time spent on-call, Defendants have also failed to pay all overtime wages owed to Plaintiff and putative class members in violation of federal and state law.

28.    As a result of not paying Plaintiff and the putative class members for all hours worked and failing to reimburse them for their necessary business expenses incurred, Plaintiff and the putative class are still owed wages and penalties. With respect

-6-

to all former employees, Defendants have failed to timely pay wages due to those putative class members in violation of the California Labor Code §§ 201 and 202.

29.    Additionally, due to not paying Plaintiff and the putative class members for all hours worked, Defendants knowingly and intentionally failed to provide Plaintiff and putative class members accurate itemized wage statements as required by Cal. Lab. Code § 226(a) and 117(d).

## CLASS ACTION ALLEGATIONS

30.    **Proposed Classes**: Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of the following class: all current and former workers of Defendants who had at least one on-call shift from four (4) years prior to the filing of this complaint to the present.

    a.    **California Reimbursement Subclass**: all current and former California employees that worked remotely for Defendants from four (4) years prior to the filing of this complaint to the present.

31.    Plaintiff reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

32.    **Numerosity and Ascertainability**: The potential number of putative class members as defined below is so numerous that joinder of all members would be unfeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of putative class members is estimated to be greater than fifty (100) individuals, the identity of and membership in the putative class can be readily ascertained from the employment records maintained by Defendants.

33.    **Superiority**: the nature of this action and the nature of laws available to Plaintiff make use of the class action format particularly efficient and appropriate under the circumstances presented in this lawsuit. By establishing a technique whereby the claims of many individuals' claims can be resolved at the same time, the class both

eliminates the possibility of repetitious litigation and provides small value claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The actual monetary recovery due to most of the individual putative class members is likely to be small, and the burden and expense of individual litigation would make it prohibitive for individual putative class members to seek relief. A class action will serve an important public interest by permitting such individuals to effectively pursue recovery of the sums owed to them. Further, class litigation prevents the potential for inconsistent or contradictory judgments if individual putative class members were to litigate separately. Finally, class litigation will preserve valuable judicial resources by having all issues decided by one court in one venue.

34.    **Typicality**: the claims of Plaintiff are typical of the putative class because all members of the putative class sustained substantially identical injuries and the damages arising out of Defendants' polices, practices, and common course of conduct in violation of federal and California law and he injuries and damages of all putative class members were caused by Defendants' wrongful conduct in violation of federal and California law. There are no facts known to Plaintiff that would subject her to defense unique from those applicable to the putative class.

35.    **Adequacy**: Plaintiff is an adequate representative of the putative class she seeks to represent. She has agreed to fairly protect their interests of the putative class. She is aware of the duties required of her in acting as the class representative. She has no interests antagonistic to the putative class. Finally she has agreed to vigorously pursue this suit through her attorneys who are competent, skilled and experienced in class action litigation in state and federal courts in both California and the United States more broadly.

36.   **Predominate Questions of Law and/or Fact Include:**

    a.  Whether Defendants failed to pay Plaintiff and the putative class members at least the minimum wage for all hours worked;

    b.  Whether Defendants failed to pay Plaintiff and the putative class members overtime wages for hours worked over eight hours a day or forty hours a week;

    c.  Whether Defendants failed to timely pay former employees for all hours and penalties due upon discharge or resignation;

    d.  Whether Defendants failed to provide accurate itemized wage statements to Plaintiff and the putative class members;

    e.  Whether Defendants' actions constituted unfair competition or unlawful business practices under the California Business and Professions Code sections 17200, *et seq.*;

    f.  Whether Defendants are liable for the labor law violations alleged in this Complaint;

    g.  Whether Plaintiff and the putative class members are entitled to attorneys' fees;

    h.  Whether Plaintiff and the putative class members are entitled to prejudgment interest;

    i.  Whether Plaintiff and the putative class members are entitled to restitution, and

    j.  Whether Plaintiff and the putative class members are entitled to reimbursement for necessary business expenses incurred during their employment.

/ / /

/ / /

CLASS AND REPRESENTATIVE ACTION COMPLAINT

# FIRST CAUSE OF ACTION
## 29 U.S.C. 201, *et seq.*
## Fair Labor Standards Act
### *Against All Defendants*

37.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

38.    During the class period, Defendants have and continue to be an employer engaged in interstate commerce and/or production of good for commerce, within the meaning of the FLSA.

39.    During the class period, Defendants employed and continues to employ Plaintiff and the putative class members within the meaning of the FLSA.

40.    During the class period, Defendants had a policy and practice of not paying workers, including Plaintiff and the putative class members, for all hours worked, including time spent on-call.

41.    During the class period, Defendants had a policy and practice of not compensating for time spent on-call and waiting for client calls.

42.    As a direct result of this unlawful policy and practice of not compensating for all hours worked, Plaintiff and putative class members were not compensated all minimum and overtime wages owed in violation of federal law, including 29 U.S. Code § 206.

43.    As a result of Defendants' failure to take into account all time spent waiting on-call, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, including §§ 211(c) and 215(a).

44.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a) which proximately and directly caused damage to Plaintiff and the putative class.

45.     Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the putative class members, are entitled to recover from Defendants their unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to § 216(b) of the FLSA.

**SECOND CAUSE OF ACTION**
**Cal. Lab. Code §510**
**Failure to Pay Overtime Wages**
***Against All Defendants***

46.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

47.     California Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

48.     IWC Wage Order 1-2001(3)(A)(1) and 8 Cal. Code Regs. § 11040 provide as follows:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than:

(a) One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek.

49.    California Labor Code § 1194(a) provides as follows:
Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

50.    California Labor Code § 200 defines wages as to include "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

51.    IWC Order 10-2001; Cal. Code of Regs. Tit. 8, § 11040(11)(a); *see also* 2002 DLSE Manual § 46.6.1, mandate that meal periods during which workers are not relieved of all duties count as hours worked in calculating time worked in a work day. The time Plaintiff and the putative class spent waiting on work calls during their on-call shifts should have been incorporated into hours worked by Plaintiff and the putative class but Defendants knowingly, willingly and intentionally refused to include that time in hours worked.

52.    Defendants' uniform policy and practice of filing to pay Plaintiff and the putative class the proper wages owed for all hours worked is unlawful.  As a result of this unlawful policy, Plaintiff and the putative class have worked overtime hours for Defendants without being paid overtime premiums in violation of California law.

53.    In violation of California law Defendants knowingly and willfully refused to perform its obligations in recording and paying Plaintiff and the putative class for overtime hours worked.  Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

54.    As a proximate and direct result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

55.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### Cal. Lab. Code §§ 201, 202, and 203
### Failure to Timely Pay Wages Upon Termination
### *Against All Defendants*

56.    Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

57.    Defendants' failure to pay wages as alleged above was willful in that Defendants knew wages and penalties were due but failed to pay them in violation of California Labor Code §§ 201 and 202, thus triggering waiting time penalties pursuant to Labor Code § 203, which provides that employees wages shall continue as a penalty to the employer for a period of up to 30 days from the time they were due.

58.    Defendants have routinely, uniformly and deliberately failed to pay Plaintiff and the putative class a sum certain at their termination or within 72 hours of their resignation and have failed to pay those sums for thirty days thereafter.  As such Plaintiff and the putative class are entitled to penalties pursuant to Labor Code § 203.

-13-

59.     In violation of California law, Defendants knowingly and willfully refused to pay Plaintiff and the putative class all wages due at the end of their employment with Defendants and did so willfully, intentionally, deliberately and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

60.     As a proximate and direct result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

61.     Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Cal. Lab. Code §§ 226, 226.2, and 226.3**
**Failure to Provide Accurate Itemized Wage Statements**
***Against All Defendants***

62.     Plaintiff and the putative class re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

63.     At all relevant times, Plaintiff and the putative class were non-exempt employees covered by California Labor Code §§ 226 and 226.3.

64.     California Labor Code § 226(a) states:
An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net

wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment.

65.    Labor Code 226.2(a)(2) states in pertinent part:

The itemized statement required by subdivision (a) of Section 226 shall, in addition to the other items specified in that subdivision, separately state the following, to which the provisions of Section 226 shall also be applicable:

(A) The total hours of compensable rest and recovery periods, the rate of compensation, and the gross wages paid for those periods during the pay period.

(B) . . . the total hours of other nonproductive time . . . the rate of compensation, and the gross wages paid for that time during the pay period . . .

66.    Defendants knowingly and intentionally failed to issue any wage statements to the Plaintiff and the putative class violating every subsection of California Labor Code § 226(a)(1), (2) and (9).

67.    As a result of Defendants' failure to issue accurate wage statements, Plaintiff and the putative class were unable to promptly and easily determine from the wage statements alone the information required to be present by Labor Code § 226(a).

68.    Labor Code § 226(e) states:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty

of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

69.    Labor Code § 226.3 states:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.

70.    In violation of California law, Defendants knowingly and intentionally failed to issue Plaintiff and the putative class accurate wage statements in violation of California Labor Code § 226(a), triggering penalties under both sections 226(e) and 226.3.  Defendants' act in so doing was willful, intentional, deliberate and with an improper motive amounting to malice and in conscious disregard for the rights of Plaintiff and the putative class, thereby entitling Plaintiff and the putative class to recover nominal, actual, compensatory, and all damages so allowable under California law, in amounts according to proof at time of trial.

71.    Plaintiff and the putative class also ask the Court for injunctive relief to end Defendants' illegal issuance of inaccurate wage statements pursuant to California Labor Code § 226(h).

72.    As a proximate and direct result of the aforementioned violations, Plaintiff and the putative class have been damaged by Defendants in an amount according to proof at time of trial for unpaid overtime and civil penalties, with interest thereon as well as an award of attorney fees and costs set forth below.

73.    Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

/ / /

/ / /

CLASS AND REPRESENTATIVE ACTION COMPLAINT

**FIFTH CAUSE OF ACTION**
**Cal. Lab. Code § 2802**
**Failure to Reimburse Necessary Business Expenses**

74.    Plaintiff and aggrieved employees re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

75.    California Labor Code § 2802 requires employers to "indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or his or her obedience to the directions of the employer."

76.    While acting on the direct instruction of Defendants and discharging their duties for them, Plaintiff and the putative class members that are remote workers working in California incurred work-related expenses. Specifically, Plaintiff and the putative class members who were and are working remotely were required to purchase at their own expense a cell phone, cell phone data plan, and WiFi Internet. Plaintiff and the putative class members that were working remotely incurred these substantial expenses and losses as a direct result of performing their job duties for Defendants.

77.    Defendants have failed to indemnify or, in any manner, reimburse Plaintiff and the putative class members that were and are working remotely for these expenditures and losses.

78.    By requiring Plaintiff and putative class members that were and are working remotely to pay expenses incurred in direct consequence of the discharge of their duties for Defendants and/or in obedience to Defendants' direction, Defendants have violated Cal. Lab. Code § 2802.

79.    As a direct and proximate result of Defendants' conduct, Plaintiff and the putative class members that were and are working remotely have suffered substantial losses according to proof, with interest thereupon as well as an award of attorneys' fees and costs set forth below.

80.     Defendants' failure to comply with Labor Code § 2802 triggers penalties under California Labor Code § 2699(f).

## SIXTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200, *et seq.*
### *Against All Defendants*

81.     Plaintiff and aggrieved employees re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

82.     California Business and Professions Code §§ 17200, *et seq.*, (hereinafter referred at the "UCL") prohibits unfair competition in the form of any unlawful, unfair or fraudulent business acts or practices.

83.     UCL section 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

84.     California Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage at the expense of their employees by failing to comply with minimum labor standards.

85.     Beginning at some point before the start of the class period and continuing through it, Defendants committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair and fraudulent business practices and acts described in this Complaint, including but not limited to:

    a.  Violations of California Labor Code §§ 510 and 1194 pertaining to overtime pay;

    b.  Violations of California Labor Code §§ 201-03 pertaining to failure to pay timely wages upon termination; and

    c.  Violations of California Labor Code § 226 pertaining to the provision of itemized accurate wage statements.

86.    The violations of these laws and regulations, as well as the fundamental California public policies protecting straight time wages and overtime wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200, *et seq.*

87.    The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of the UCL. Among other things, the acts and practices have taken from Plaintiff and the putative class wages rightfully earned by them, while enabling Defendants to gain an unfair competitive advantage over its law-abiding employer-competitors.

88.    UCL § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

89.    As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the putative class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

90.    UCL § 17203 provides a court may restore to any person in interest money or property which may have been acquired by means of such unfair competition. Plaintiff and the putative class are entitled to restitution pursuant to UCL § 17203 for all wages and payments unlawfully withheld from the Class members during the four-year period prior to filing this Complaint.

91.    UCL § 17202 provides "notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition."  Plaintiff and the putative class are entitled to all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code § 17202.

92.    Plaintiff's success in this action will enforce the important rights affecting the public interest, and in that regard Plaintiff sues on behalf of herself as well as others

similarly situated and, accordingly, pursuant to the UCL, this Court should make such orders or judgments as may be necessary to prevent use or employment by Defendant of any unlawful or deceptive practices prohibited by the UCL, including but not limited to disgorgement of ill-gotten gains, which may be necessary to restore Plaintiff and the putative class the money Defendant has unlawfully failed to pay.

93.     Plaintiff herein takes it upon herself to enforce these lawful claims.  There is a financial burden involved in pursuing this action, an action seeking to vindicate a public right, and it would be against the interest of justice to penalize Plaintiff by forcing her and/or her class to pay other parties' attorney fees from the recovery in this action pursuant to California's Code of Civil Procedure §1021.5 and otherwise. Wherefore, Plaintiff and the putative class request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
**Violation of California Labor Code §§ 2699, *et seq.***
**Private Attorney General Act of 2004**
***Against All Defendants***

94.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

95.     PAGA permits an aggrieved employee to bring a lawsuit on behalf of herself and other current and former aggrieved employees to address an employer's violations of the California Labor Code.

96.     Plaintiff has exhausted her administrative remedies as specified in Labor Code § 2699.3 as to Defendants' violations described above.  On January 3, 2024 Plaintiff filed with the LWDA and served upon Defendants a notice of the violations alleged in this complaint, in the manner required by Labor Code §2699.3. As of the date of filing this Complaint, Plaintiff has not received notice from the LWDA that it was accepting Plaintiff's claim for investigation or prosecution.

97.     Plaintiff is an aggrieved employee as she has exhausted her administrative remedies prior to the filing of this Complaint as well as suffered the same violations of

-20-

her rights under the California Labor Code as the other employees of Defendants who were ;][;--8uiuuuuuujuu on behalf whom she brings this claim.

98.    Defendants' policies and practices have resulted in violations of the California Labor Code for failing to pay their employees minimum wages for all hours worked, failing to pay overtime wages, failure to reimburse for necessary business expenses, failing to provide accurate itemized wage statements, and failure to pay employees all wages owed upon separation from employment. This subjects Defendants to civil penalties under California Labor Code § 2699(f).

<u>Count I - Failure to Compensate for All Hours Worked</u>

99.    Defendants have a pattern and practice of failing to pay the California minimum wage for all hours Plaintiff and the putative class members worked violation of Cal. Lab. Code § 204.

100.   As stated above, Defendants maintain a policy and practice of only compensating aggrieved employees for time spent responding to client calls while on-call, yet do not compensate for time spent waiting for work while on-call. As a result of this policy, Plaintiff and aggrieved employees are not being compensated for all hours they performed work for Defendants.

<u>Count II - Failure to Pay Overtime Wages</u>

101.   Defendants have a pattern of practice of failing to pay any overtime wages for hours worked over eight hours in a day or forty hours in a week as required by the Cal. Lab. Code § 510, 1194 and the IWC Wage Order 1-2001 due to Defendants' policy and practice regarding not compensating for all hours of an aggrieved employees' on-call shift.

102.   Plaintiff reincorporates paragraphs 46-55 as if fully set forth herein.

/ / /

/ / /

/ / /

Count III – Failure to Timely Pay Wages Upon Termination

103.   As a result of not paying Plaintiff or the aggrieved employees all wages owed, Defendants also violated Cal. Lab. Code §§ 201, 202, and 203 by failing to pay aggrieved employees all wages due upon termination.

104.   Plaintiff reincorporates paragraphs 56-61 as if fully set forth herein.

Count IV – Provide Accurate Itemized Wage Statements

105.   Defendants policy and practice of not compensating for hours worked on call by aggrieved employees while waiting for a work call also resulted in Defendants violation of Cal. Lab. Code §§ 226, 226.2, and 226.3 by failing to provide accurate itemized wage statements to Plaintiff and the aggrieved employees

106.   Plaintiff reincorporates paragraphs 62-74  as if fully set forth herein.

Count V – Failure to Reimburse Necessary Business Expenses

107.   Defendants have a policy and/or practice of requiring aggrieved employees who work remotely to purchase a cell phone, cell phone data plan, and WiFi Internet in order to perform their work duties.

108.   These expenses are necessary business expenses as without a cell phone, cell phone plan and WiFi Internet, remote working aggrieved employees are unable to perform their job duties.

109.   Defendants do not reimburse aggrieved employees who work remotely for these substantial expenses incurred.

110.   Plaintiff reincorporates paragraphs 74-80 as if fully set forth herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-22-

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For compensatory damage in the amount of Plaintiff's and each putative class members' unpaid wages, including premium wages, and unpaid overtime, from at least four years prior to the filing of this action to the present as may be proven;

B. For liquidated damages pursuant to California Labor Code § 1194.2(a) in an amount equal to the minimum wage compensation unlawfully withheld from four years prior to filing this action to the present, as may be proven;

C. For statutory and civil penalties pursuant to every California Labor Code section relied upon in this Complaint;

D. Injunctive relief pursuant to California Labor Code 226(h);

E. An award of prejudgment and post judgment interest;

F. For restitution for unfair competition pursuant to the UCL, including disgorgement of profits, in any amount as may be proven;

G. An award providing for payment of costs of the suit;

H. For an order awarding Plaintiff and the putative class compensatory damages including lost wages, premium pay, earnings and other employee benefits and all other sums of money owed to Plaintiff and the putative class together with interest on these amounts, according to proof;

I. An award of attorney fees;

J. For an order appointing Plaintiff class representative and Plaintiff's counsel class counsel for all classes and subclasses included in this Complaint; and

K. For such other and further relief as this Court deems just and proper.

/ / /

/ / /

/ / /

-23-

CLASS AND REPRESENTATIVE ACTION COMPLAINT

1

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: August 20, 2024                    **EMPLOYEE JUSTICE LEGAL GROUP, PC**

By: _____
    Kaveh Elihu, Esq.
    Saima Ali Gipson, Esq.
    Attorneys for Plaintiff
    CANDICE KASSAB

CLASS AND REPRESENTATIVE ACTION COMPLAINT